IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRUCE MITCHELL NICHOLSON, ) <br> Reg. No. 33750-001, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATHAN SMOOTS, *et al.*, ) <br> ) <br>     Defendants. ) | CASE NO. 2:18-cv-681-WKW-JTA <br> (WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

On July 5, 2018, Bruce Mitchell Nicholson filed this complaint asserting claims under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983,[1] relating to his detention by law enforcement officers in March 2015 and the collection of DNA samples from him later used in his criminal prosecution. Doc. 1. Nicholson names as Defendants FBI Special Agents Nathan Smoots and Andres Durango; Assistant United States Attorney ("AUSA") John J. Geer III; and an unnamed Chilton County Deputy Sheriff. Doc. 1 at 8–9; Doc. 17. He alleges that his Fourth, Fifth, and Sixth Amendment rights were violated when the Deputy Sheriff stopped and detained him, and Agents Smoots and Durango collected DNA samples from him pursuant to a court order obtained

---

[1] *Bivens* actions involve claims against federal actors acting under color of law, while § 1983 actions involve claims against state actors. The legal principles applicable to *Bivens* actions are generally applicable to actions under § 1983. *Bivens* actions, although not precisely parallel, are the analog to § 1983 actions and the constitutional standard of review is the same for either type of action. *See Butz v. Economou*, 438 U.S. 478, 500 (1978). Thus, federal courts have "typically incorporated § 1983 law into *Bivens* actions." *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995).

by AUSA Geer. He seeks declaratory relief, return of the DNA samples, expungement from state and federal databases of the information obtained from the DNA samples, and $1 in damages. Doc. 1 at 9.

## II.    BACKGROUND

### A.    Nicholson's Factual Allegations

Nicholson alleges that on March 17, 2015, a Chilton County Deputy Sheriff stopped him as he was walking along a road near his residence in Jemison, Alabama and asked for and obtained his name and identification. Doc. 1 at 3. The Deputy Sheriff told Nicholson he was wanted for questioning. Doc. 1 at 3. After conducting a pat-down search, the Deputy Sheriff placed Nicholson in restraints and drove him back to his residence. Doc. 1 at 3. Upon arriving at the residence, Nicholson learned that law enforcement officers had obtained his father's consent to search the residence. Doc. 1 at 3. FBI Special Agents Nathan Smoots and Andres Durango questioned Nicholson in the driveway of the residence while Nicholson remained in restraints. Doc. 1 at 3.

According to Nicholson, he was not read his *Miranda* rights[2] before he was questioned by Agents Smoots and Durango. Doc. 1 at 4–5. Nicholson states that he asked to contact his attorney but was told by the Agents that "it would be futile" to do so and that, if he insisted on doing so, he "could do it from the County Jail where [he] would be taken for [his] failure to comply." Doc. 1 at 4.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

According to Nicholson, he was compelled "under duress, by threat and coercion," to provide DNA samples by way of a buccal (i.e., oral) swabbing procedure performed by Agents Smoots and Durango in his driveway. Doc. 1 at 5–6. Nicholson asserts that his DNA samples were taken for use in paternity testing "where there was no legitimate state interest," and that the seizure of the samples was "unwarranted and unreasonable in scope" and intruded upon constitutionally protected "areas of personal information, medical information and matters relating to procreation." Doc. 1 at 6.

The DNA samples from Nicholson were obtained under a warrant issued by a federal magistrate judge in the Middle District of Alabama on March 4, 2015. Doc. 1 at 6. According to Nicholson, the warrant was "wrongfully initiated" by Agent Smoots and AUSA Geer and was "improperly used after its issuance.'" Doc. 1 at 6. Nicholson maintains that issuance of the warrant "was not preceded by any notice, hearing, summons, subpoena, opportunity to be heard, opportunity to quash or modify in any grand jury proceeding or any other legitimate procedure prior to the deprivation of property." Doc. 1 at 6. Nicholson argues that the warrant application should have been initiated by the United States Attorney in the Northern District of Alabama, where a criminal investigation of Nicholson was being conducted at the time. Doc. 1 at 6–7.

**B.     Facts from Nicholson's Criminal Case in the Northern District of Alabama**

Nicholson's complaint arises from events related to his criminal case charging him with various federal sex offenses in the United States District Court for the Northern

3

District of Alabama. His complaint was filed when those criminal proceedings were underway. The following facts appear in the record from those criminal proceedings.[3]

In March 2015, during the investigation of Nicholson that led to his prosecution in the Northern District of Alabama, the government sought a warrant to compel Nicholson to provide DNA samples. Criminal Case, Doc. 91 at 1–2. Because Nicholson was living in Jemison, within the Middle District of Alabama, the government filed its warrant application in the United States District Court for the Middle District of Alabama. *Id*. at 2.

In its warrant application, the government explained that a grand jury in the Northern District of Alabama was investigating allegations that Nicholson had transported a minor female in interstate commerce with the intent to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2423(a). Criminal Case, Doc. 91 at 2. The warrant application described evidence that Nicholson had engaged in sexual intercourse with the minor, that he impregnated the minor prior to transporting her across state lines, that he fled the State of Alabama with the minor, and that the minor subsequently gave birth to twin children. *Id*. To establish Nicholson's paternity, which would corroborate evidence of his sexual acts with the minor, the government requested issuance of a warrant to compel Nicholson to provide DNA samples by a buccal swab. *Id.*

---

[3] The Court takes judicial notice of the criminal proceedings against Nicholson in the United States District Court for the Northern District of Alabama, *United States v. Nicholson*, Case No. 2:15cr418-MHH-JHE. The facts can be accurately and readily determined from the Northern District Court's docket, the accuracy of which cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

On March 4, 2015, a federal magistrate judge in the Middle District of Alabama granted the government's warrant application. Criminal Case, Doc. 91 at 2. Under the warrant, the magistrate judge ordered Nicholson "to submit to and thereafter provide DNA samples pursuant to a buccal (oral) swabbing procedure that shall be performed in accordance with standard protocol by an agent of the United States no later than March 21, 2015." Id.

On March 17, 2015, a Chilton County Deputy Sheriff observed Nicholson walking down a road near his father's residence in Jemison. Criminal Case, Doc. 91 at 2. The Deputy Sheriff stopped Nicholson, placed him in restraints, and transported him to his father's residence, where FBI Special Agent Smoots and Durango informed him they had a warrant to obtain a sample of his DNA. Id. The Agents used a buccal swab to collect the DNA, which an FBI lab later analyzed to determine that Nicholson was the father of the minor victim's two children. Id.

In December 2015, Nicholson was indicted by a federal grand jury in the Northern District of Alabama for two counts of transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (Count 1 and 2); one count of transportation of a minor to engage in illicit sexual activity, in violation of 18 U.S.C. § 2423(b) (Count 3); one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1) (Count 4); one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count 5); and one count of production of

child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count 6). Criminal Case, Doc. 1.

In September 2018, Nicholson, through counsel, moved to suppress DNA evidence in the criminal case on the theory that he had been "coerced," "threatened," and "intimidated" into providing the DNA samples to Agents Smoots and Durango on March 17, 2015, and therefore all evidence pertaining to the DNA samples collected by the FBI agents should be suppressed. Criminal Case, Doc. 85 at 1–2. The district court denied Nicholson's motion to suppress the DNA evidence. *Id.*, Doc. 127.

The jury found Nicholson guilty of all six counts in the indictment. Criminal Case Docs. 114–19. On April 19, 2019, the district court sentenced Nicholson to life in prison on Counts 1 and 2; 360 months on Count 3; 120 months on Counts 4 and 5; and 360 months on Count 6, with all counts to be served concurrently with the others. *Id.*, Doc. 139 at 2. Nicholson appealed his convictions and sentence to the Eleventh Circuit. *Id.*, Doc. 141. His appeal is now pending. *United States v. Nicholson*, No. 19-11669 (11th Cir.).

### III.   DISCUSSION

**A.   Nicholson's Claims for Relief**

Nicholson claims that: (1) his detention by the unnamed Chilton County Deputy Sheriff on March 17, 2015, violated his Fourth Amendment right to protection against unlawful seizures; (2) the failure of FBI Special Agents Smoots and Durango to read him his *Miranda* rights and grant him access to counsel when he was detained violated his Fifth Amendment privilege against compelled self-incrimination and his Sixth Amendment right

to counsel; (3) the seizure of DNA evidence from him through the buccal swabbing by Agents Smoots and Durango violated his Fourth Amendment right to privacy and his Fifth Amendment right to due process; and (4) the application by Agent Smoots and AUSA Greer for a warrant authorizing the collection of the DNA samples constituted an abuse of process and a violation of the Due Process Clause. Doc. 1 at 2–7.

**B.     Statute of Limitations**

Constitutional claims under *Bivens* and 42 U.S.C. § 1983 are governed by the state personal injury statute of limitations. *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998); *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996). Personal injury actions in Alabama must be commenced within two years after the cause of action accrues. ALA. CODE § 6-2-38(l); *Jones v. Preuitt & Mauldin*, 876 F.2d 1480, 1482 (11th Cir. 1989).

Although the statute of limitation is determined by state law, the date on which the statute of limitations begins is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a *Bivens* or § 1983 claim begins to run "from the date the facts that would support a cause of action are apparent, or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (internal citations omitted). A *Bivens* or § 1983 cause of action accrues when a plaintiff knows, or has reason to know, of his injury and who inflicted it. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir.1998).

In the context of an allegedly unlawful search and seizure, a plaintiff knows of his injury and who inflicted it when his property is searched or seized by law officers. *Rice v. Sixteen Unknown Fed. Agents*, 658 F. App'x 959, 962 (11th Cir. 2016). *See Giddens v. Lawson*, 734 F. App'x 706, 710 n.4 (11th Cir. 2003) ("The claims against the officers who executed the search warrant accrued when the search occurred.").

Here, accepting as true the facts pled by Nicholson, all of Nicholson's claims arise from events that occurred on or before March 17, 2015, when the unnamed Deputy Sheriff stopped and detained him, and Agents Smoots and Durango collected DNA samples from him pursuant to the court order obtained by AUSA Geer. Indeed, Nicholson specifically states in his complaint that the alleged constitutional violations occurred on March 17, 2015. Doc. 1 at 2. Given this date, Nicholson had to assert his claims no later than March 17, 2017. Because Nicholson did not file his lawsuit until July 5, 2018, his claims are barred by the two-year statute of limitations and must therefore be dismissed.[4]

Based on the facts alleged in Nicholson's complaint, Nicholson has no legal basis on which to proceed on his claims. He filed this cause of action over two years after the occurrence of the alleged unconstitutional actions forming the basis of his claims. Therefore, his complaint is subject to dismissal. As such, the Court finds it unnecessary to address the other grounds for dismissal argued by Defendants.

---

[4] Nicholson's claims are time-barred even if the accrual date is pushed forward to the date of his January 7, 2016 arrest, based on his December 2015 criminal indictment.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Nicholson's complaint presenting claims under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 be DISMISSED WITH PREJUDICE.

It is further

ORDERED that on or **before October 5, 2021**., the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE this 20th day of September, 2021.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE