IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRUCE MITCHELL NICHOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-681-WKW |
| | ) | [WO] |
| NATHAN SMOOTS, in his | ) | |
| individual and official capacities; | ) | |
| JOHN J. GEER, III, in his individual | ) | |
| and official capacities; and ANDRES | ) | |
| DURANGO, an FBI special agent, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On September 20, 2021, the Magistrate Judge filed a Recommendation to which Plaintiff Bruce Mitchell Nicholson timely objected. (Docs. # 50, 55.) Based upon a *de novo* review of those portions of the Recommendation to which Plaintiff objects, *see* 28 U.S.C. § 636, the objections lack merit.

The Recommendation correctly concludes that Plaintiff's 42 U.S.C. § 1983 action is barred by the applicable two-year statute of limitations. Plaintiff contends, however, that equitable tolling saves his claims because "[t]he defendants misled, then concealed necessary information" from Plaintiff. (Doc. # 55, at 11.) "Fraudulent concealment occurs when a defendant makes affirmative acts or misrepresentations which are calculated to, and in fact do, prevent the discovery of the cause of action." *Fedance v. Harris*, 1 F.4th 1278, 1285 (11th Cir. 2021) (citation

and quotation marks omitted). "It is one possible basis for equitable tolling." *Id.* However, Plaintiff's assertion of fraudulent concealment is conclusory, and the complaint's factual allegations render it implausible that any Defendant took affirmative steps to foil the discovery of his claims. There are no facts that Defendants fraudulently concealed any information or otherwise prevented Plaintiff from learning the facts he needed to bring his claims. *Cf. Henderson v. Reid*, 371 F. App'x 51, 54 (11th Cir. 2010) (affirming 12(b)(6) dismissal on statute-of-limitations grounds where the complaint was untimely and did not "plausibly allege any facts showing" equitable tolling); *Brown v. Montgomery Surgical Ctr.*, No. 2:12-CV-553-WKW, 2013 WL 1163427, at *11 (M.D. Ala. Mar. 20, 2013) ("[W]here the complaint's allegations facially demonstrate that the claim is untimely and omit allegations to support equitable tolling, the plaintiff generally cannot survive a motion to dismiss on tolling grounds."). On the allegations, equitable tolling cannot save Plaintiff's claims.

Accordingly, it is ORDERED that Plaintiff's objections (Doc. # 55) are OVERRULED, that the Recommendation (Doc. # 50) is ADOPTED, and that Plaintiff's action is DISMISSED with prejudice.

Final judgment will be entered separately.

DONE this 28th day of December, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE