IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRUCE MITCHELL NICHOLSON,     )
                              )
        Plaintiff,            )
                              )
    v.                        )     CASE NO. 2:18-CV-681-WKW
                              )     [WO]
NATHAN SMOOTS, in his         )
individual and official capacities;  )
JOHN J. GEER, III, in his individual  )
and official capacities; and ANDRES  )
DURANGO, an FBI special agent,  )
                              )
        Defendants.           )

## **ORDER**

Before the court is Plaintiff's notice of appeal, which is construed as containing a motion for leave to appeal *in forma pauperis*. (Doc. # 58.)

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In determining good faith, the court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive merit," *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981) (per curiam). For the reasons explained in the Recommendation of the Magistrate Judge (Doc. # 50), which was adopted by the court (Doc # 56), the court is of the opinion that Plaintiff's appeal is without a legal or factual basis and, therefore, is frivolous and not taken in good faith.

It is therefore ORDERED that Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. # 58) is DENIED.

Based on the foregoing, Plaintiff is required, pursuant to 28 U.S.C. § 1915, to pay the requisite $505.00 fee for filing his notice of appeal.  It is, therefore, ORDERED that:

(1)     If the funds in Plaintiff's prison account exceed $505.00, those persons having custody of Plaintiff shall forward to the Clerk of this court the $505.00 appellate filing fee.

(2)     If the funds in Plaintiff's prison account are less than $505.00, those persons having custody of Plaintiff shall—

(a)  make an initial partial payment to this court equal to the greater of the following amounts:

(i)    20% of the average monthly deposits to Plaintiff's account for the 6-month period immediately preceding the date Plaintiff filed his notice of appeal; or

(ii)    20% of the average monthly balance in Plaintiff's account for the aforementioned 6-month period.

(b)   make additional monthly payments of 20% of each preceding month's income credited to Plaintiff's account toward until the balance of the $505.00 fee is paid.  These additional monthly payments of 20% shall be deducted

2

from Plaintiff's prison account each time the amount in this account exceeds $10.00 until the $505.00 filing fee is paid in full.

(3)    Where the appellate court enters a judgment against Plaintiff for payment of costs at the conclusion of the appeal, including any unpaid portion of the required $505.00 filing fee, those persons having custody of Plaintiff shall continue making monthly payments in accordance with the installment plan outlined herein in (2)(b) above until the full amount of the ordered costs is paid.

To aid those persons having custody of Plaintiff in complying with the requirements of this order, the Clerk of this court is DIRECTED to furnish a copy of this order to the inmate account clerk at United States Penitentiary Terre Haute. The account clerk is advised that, if Plaintiff is transferred to another correctional institution, the account clerk shall furnish this order to the appropriate official at the institution where Plaintiff is transferred so that the custodial agency can assume the duties of collecting and forwarding any remaining monthly payments to this court.

Plaintiff is advised that if, before the $505.00 filing fee is paid in full, the appellate court disposes of the appeal—by dismissing the appeal for lack of jurisdiction, want of prosecution, or because it is frivolous, or by deciding the appeal on the merits—he remains obligated to pay the full $505.00 filing fee. The filing fee will be collected from any funds which become available to Plaintiff and will be

3

forwarded to this court by those persons having custody of Plaintiff pursuant to the

directives contained in this order.

DONE this 16th day of February, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE